UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL G. POWELL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-219 |
| | § | |
| FELIX PATRICK KEELEY, JR., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Defendant Felix Patrick Keeley, Jr.'s Motion for Partial Summary Judgment, (D.E. 16), and Plaintiffs John McGrath, Daniel Powell and Kimberly Powell's Motion for Partial Summary Judgment on Defendant's Affirmative Defense of Contributory Negligence, (D.E. 17.) For the reasons stated herein, Defendant's Motion for Partial Summary Judgment (D.E. 16) is GRANTED. Plaintiffs' Motion for Partial Summary Judgment (D.E. 17) is DENIED.

**I.     Jurisdiction**

This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy exceeds $75,000.

**II.    Background**

This case involves a car crash that occurred on November 3, 2008. Defendant Felix Patrick Keeley, Jr. was driving his Chevrolet Suburban northbound in the 1600 block of Broadway Street in Rockport, Aransas County, Texas. (D.E. 1, p. 2.) At the same time, Plaintiff Daniel Powell was driving a rented Ford Focus southbound in the same block of Broadway with passengers John McGrath, John McGrath's brother Timothy McGrath, and Plaintiff Daniel Powell's father, Dan Powell. (D.E. 1, p. 2.) Plaintiffs allege that Defendant was inattentive

while driving and that he turned left and failed to yield the right-of-way to oncoming traffic, and that these actions caused the accident. (D.E. 1, p. 3-4.)

The accident seriously injured John McGrath, Daniel Powell, and Dan Powell, and killed Timothy McGrath. (D.E. 1, p. 7.)  Defendant was cited for failure to yield the right of way. (D.E. 1, p. 4; D.E. 17, Ex. 1 (Keeley Depo.) at 48-51.)

Plaintiffs filed suit alleging, among other claims, that Defendant is liable under a theory of negligence per se for violation of Texas Transportation Code §§ 545.152 (failure to yield right of way) and 545.103 (moving left on roadway when movement cannot be made safely). (D.E. 1 at 6.) Additionally, Plaintiff John McGrath seeks recovery under a bystander theory of recovery, based on witnessing the fatal injuries suffered to his brother Timothy McGrath. (D.E. 1 at 8.)[1]

Defendant has now moved for partial summary judgment on Plaintiff's bystander claim and Plaintiff's negligence per se claim. (D.E. 16.) Plaintiff has not responded to the motion.

Plaintiffs have cross-moved for partial summary judgment on Defendant's contributory negligence defense. (D.E. 17.) Defendant has responded. (D.E. 18.) Plaintiffs have replied. (D.E. 19). Defendant has filed a sur-reply. (D.E. 20.)

### III.   Discussion

#### A.   Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The substantive law identifies

---

[1] Plaintiff Kimberly Powell, who was not involved in the accident, seeks damages for loss of household services and lost matrimonial and familial consortium from her injured husband. (D.E. 1 at 8.)

which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." Rivera, 349 F.3d at 247.

Pursuant to Fed. R. Civ. P. 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also

Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### B. Defendant's Motion for Partial Summary Judgment on Plaintiffs' Bystander Claim and Negligence Per Se Claim

#### 1. Bystander Theory

In the complaint, Plaintiff John McGrath alleges that he was "present as a bystander and witnessed the traumatic and fatal injuries suffered by his brother" Timothy McGrath, who was fatally injured in the crash. He seeks mental anguish damages. (D.E. 1 at 8.)

In his motion for partial summary judgment, Defendant Keeley argues that Plaintiff McGrath cannot prevail under a bystander theory of recovery because McGrath did not have a contemporaneous observance of the accident. (D.E. 16 at 3.)

Under a bystander theory of recovery, "mental-anguish damages are recoverable for the contemporaneous sensory perception of a serious or fatal injury to a close relative." Chapa v. Traciers & Associates, 267 S.W.3d 386, 398 (Tex.App.-Houston, 2008) (citing Boyles v. Kerr, 855 S.W.2d 593, 597–98 (Tex. 1993). "When the material facts are undisputed, the question of whether a plaintiff is entitled to recover as a bystander is a question of law." Id. (citing United Servs. Auto. Ass'n v. Keith, 970 S.W.2d 540, 542 (Tex.1998) (per curiam)).

"To determine whether a plaintiff has a valid bystander claim, courts consider:

(1) Whether the plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.

(2) Whether the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.

(3) Whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."

Id. (citing Freeman v. City of Pasadena, 744 S.W.2d 923, 923–24 (Tex.1988) (adopting the "bystander" elements set forth in Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912, 920 (1968)).)

Defendant argues that Plaintiff McGrath cannot recover under this theory because McGrath's deposition establishes that he did not have a contemporaneous observance of the accident or of his brother's injuries. According to Defendant, McGrath did not learn that an accident had occurred under afterwards and did not learn that his brother had been injured until he was told by others after or shortly before he was put in the ambulance. (Id. at 3-4.) Therefore, Defendant argues, McGrath did not have a sensory and contemporaneous observance of an injury to his brother and is not entitled to recover under a bystander theory. (Id. at 4.)

As said, Plaintiffs have not responded to Defendant's motion for partial summary judgment on this issue, which must be taken by the Court as a representation of no opposition. L.R. 7.4. Nonetheless, having reviewed the law and the evidence on record, the Court finds summary judgment on a bystander theory to be warranted.

In his deposition, John McGrath was asked by counsel about his state following the accident and responded as follows:

A: …I was pretty dazed. I had just, I guess, become conscious.

Q: When you got out of the car, what did you do?

A: Probably stood there for a minute, and I believe it was a paramedic. I don't know if they took me to an ambulance then or what took place exactly at that point.

Q: …and then the next thing you remember is getting into an ambulance?

A: Yeah, I believe. I don't know that I really recall getting into the ambulance. I know I was in an ambulance.

Q: Do you remember anything else between the time you got out of the car and stood in a daze and then found yourself in the ambulance?

A: I believe I asked if everyone was all right…

Q: And what were you told?

A: …That everyone was conscious except my brother, he was unconscious…

Q: Did you ever see your brother in the car after the accident?

A: I don't recall seeing him in the car.

…

Q: And at that point [some time between the time you first got out of the car until you got in the ambulance] you asked if everyone was okay; correct?

A: Correct.

(D.E. 16, Ex. 3 (McGrath Depo.) at 28-30.)

Based on these statements, it is clear that McGrath did not contemporaneously observe the injuries suffered to his brother. He did not learn that his brother might have seriously been injured until after the accident, either while he was in the ambulance or at some point just before.

As said, one of the "bystander elements" recognized in Dillon, 68 Cal.2d 728, and adopted by Texas courts, is whether the shock resulted from "a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, **as contrasted with**

**learning of the accident from others after its occurrence**." Chapa, 267 S.W.3d at 398 (emphasis added).

In Chapa, the court observed: "Texas courts have reserved recognition of bystander claims for those cases in which the emotional impact results from a sensory and contemporaneous observance of the accident that caused the close relative's harm." Id. at 400. The court found the evidence was undisputed that the plaintiff — a mother who sought mental anguish damages from a tow truck company that towed away her vehicle before realizing her children were still inside — did not witness or "sense" any injury to or death of her children. Id. Thus, she could not recover under a bystander theory, which "necessarily excludes circumstances in which the parent saw nothing, heard nothing, does not know what happened to the child, and does not know if the child is injured." Id.

In this case, as in Chapa, the evidence on record — namely, the uncontroverted statements of Plaintiff McGrath in his deposition — establishes that McGrath did not see, hear or know anything about the tragic injuries to his brother until after the accident. Id. His mental anguish, though it may have been great, did not result from a "direct emotional impact" upon him due to "the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." Id. at 398. Therefore, the Court holds on summary judgment that Plaintiff McGrath may not recover mental anguish damages under a bystander theory.[2]

### 2. Negligence Per Se

Defendant also moves for summary judgment on Plaintiffs' negligence per se claim. (D.E. 16.)  Plaintiff has not responded, so the motion is deemed unopposed.  L.R. 7.4.  Having

---

[2] This holding does not preclude Plaintiffs from recovery of mental anguish damages in general, provided such damages are sufficiently proven.

nonetheless reviewed the facts on record and the applicable law, the Court finds summary judgment on the Plaintiffs' negligence per se claim is appropriate.

Negligence per se is a common law doctrine whereby the courts establish the duty of care owed to third parties by reference to "a penal statute rather than on the reasonably prudent person test used in pure negligence claims." Smith v. Merritt, 940 S.W.2d 602, 607 (Tex.1997). To prevail on a claim of negligence per se, a party must also establish that the violative conduct was the proximate cause of that party's injuries. Ambrosio v. Carter's Shooting Ctr., 20 S.W.3d 262, 265 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

"The mere fact that the legislature adopts a criminal statute does not mean that the courts must accept it as a standard for civil liability." Discovery Operating, Inc. v. BP America, 311 S.W.3d 140, 162 (Tex. App.–Eastland, 2010)(citing Perry v. S.N., 973 S.W.2d 301, 304 (Tex.1998).) "[T]he adoption of criminal statutes into tort law is a matter of judicial discretion." Id.

"The threshold questions in every negligence per se case involving a penal statute are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent." Id. "If a plaintiff satisfies these threshold questions, the court must determine whether it is appropriate to impose negligence per se liability for violations of the statute." Id.

"In Perry, the Texas Supreme Court identified five nonexclusive factors to consider in determining whether a statute establishes an appropriate standard for negligence per se liability: (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common-law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would

impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of wrongdoers; and (5) whether the plaintiff's injury is due to a direct or indirect violation of the statute." Id. at 162-163.

Plaintiffs have pled negligence per se against Defendant based upon his alleged violations of Texas Transportation Code §§ 545.103 and 545.152. Texas Transportation Code § 545.103 states that "an operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from direct course, or move right or left on a roadway unless movement can be made safely." § 545.103. Texas Transportation Code § 545.152 states that "to turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." § 545.152.

Defendant does not dispute that he violated the Transportation Code by failing to yield the right of way.[3] However, Defendant argues that the duties imposed by these sections of the Code are not absolute and incorporate the "ordinarily prudent person" standard of care. As such, Defendant argues, he cannot be made liable under a negligence per se theory as a substitute for pure negligence. (D.E. 16 at 4-5.) The Court agrees.

Texas courts have held that "[w]here a statute incorporates the ordinarily prudent person standard, negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. In those cases, 'it is redundant to submit a question on the statutory standard or to instruct the jury regarding it, and the negligence per se standard is subsumed under the broad-form negligence question.'"

---

[3] In his deposition, Defendant Keeley admitted that he received a citation under the Texas Transportation Code for failure to yield the right of way and that he paid the ticket, but he states that he did not by this action intend to admit his guilt. (D.E. 17, Ex. 1 (Keeley Depo.) at 48-51.)

Supreme Beef Packers, Inc. v. Maddox, 67 S.W.3d 453, 456 (Tex.App.-Texarkana 2002, pet. denied) (quoting Smith v. Cent. Freight Lines, Inc., 774 S.W.2d 411, 413–15 (Tex.App.-Houston [14th Dist.] 1989, writ denied)).

In Waring v. Wommack, an appellate court specifically addressed whether violation of Tex. Transp. Code § 545.152 could support a negligence per se claim. 945 S. W. 2d 889, 891 (Tex. App. -Austin 1997, no writ). The court held that plaintiffs were not entitled to a negligence per se instruction due to defendant's failure to yield the right of way while turning in accordance with the statute. Id. The court explained as follows:

> Under the statute at issue here [Tex. Transp. Code Ann. § 545.152] Mr. Wommack was charged with a particularized duty to exercise due care in determining whether approaching vehicles constituted an immediate hazard before he turned; he was not charged with an absolute duty that required better judgment than that exercised by a reasonably prudent person. See Booker, 306 S.W.2d at 774. In Madara v. Marshall, 578 S.W.2d 787 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), the court upheld the jury's failure to find negligence when a vehicle turning left collided with an approaching car. Id. at 790. The court rejected the contention that the left-turning vehicle was negligent as a matter of law: "Based upon the circumstances presented by the evidence the jury could have concluded that a reasonably prudent person exercising ordinary care would have decided, as did the defendant, that he could clear the intersection without danger of colliding with the plaintiff's approaching vehicle." Id. The Warings, like the plaintiff in Madara, had the burden to prove that Mr. Wommack failed to act as a reasonably prudent person under the circumstances existing at the time of the accident. Although Mr. Wommack had an enhanced duty not only to maintain a proper lookout but also to observe the speed and distance of oncoming vehicles to determine if they constituted an immediate hazard before he began his turn, this duty was not absolute. Therefore, the Warings were not entitled to a negligence per se instruction.

Id. at 891-892.

The same reasoning applies to the case at bar. Although, under the standard of care codified in § 545.152, Defendant was charged with the duty to exercise care in determining whether to yield the right of way, see § 545.152, this did not establish an absolute standard of conduct, the violation of which constitutes negligence per se. Rather, Plaintiffs still bear the burden to prove that Defendant failed to act as a reasonably prudent person under the

circumstances existing at the time of the accident. See Waring, 945 S.W.2d at 892 (citing Madara, 578 S.W.2d at 790); see also Hemphill v. Meyers, 469 S.W.2d 327 (Tex. Civ. App., 1971) (holding that statute providing that driver of vehicle about to enter or cross highway from a private road or driveway shall yield right-of-way to all vehicles approaching on such highway does not provide an absolute statutory standard of conduct, the violation of which constitutes negligence per se; the duty imposed upon driver to yield right-of-way is not absolute, but rather conditional) (citing Warren Petroleum Company v. Thomasson, 268 F.2d 5 (5th Cir. 1959); Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W .2d 931 (1956)).

Likewise, Section 545.103 — which states that "an operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from direct course, or move right or left on a roadway **unless movement can be made safely,**" see § 545.103 (emphasis added) — does not create an absolute duty, but holds Defendant to the standard of care exercised by an ordinarily prudent person. See Waring, 945 S.W.2d at 891-892; Warren, 268 F.2d at 7-9.

Accordingly, Defendant's motion for summary judgment on Plaintiff's negligence per se claim is granted. Plaintiffs bear the burden to prove that Defendant was negligent under the reasonably prudent driver standard. See Waring, 945 S.W.2d at 891-892; Warren, 268 F.2d at 7-9.

### C. Plaintiff's Motion for Partial Summary Judgment on Defendant's Contributory Negligence Defense

In their motion for partial summary judgment, Plaintiffs urge the Court to hold as a matter of law that Defendant cannot establish the defense of contributory negligence. (D.E. 17.)

"Contributory negligence contemplates an injured person's failure to use ordinary care in regard to his or her own safety." Kroger Co. v. Keng, 23 S.W.3d 347, 351 (Tex. 2000) (citing Parker v. Highland Park, Inc., 565 S.W.2d 512, 520 (Tex.1978); Walgreen–Texas Co. v. Shivers,

137 Tex. 493, 154 S.W.2d 625, 630 (1941); Texas & N.O.R. Co. v. Blake, 175 S.W.2d 683, 685 (Tex.Civ.App.–Fort Worth 1943, writ ref'd).) "This affirmative defense requires proof that the plaintiff was negligent and that the plaintiff's negligence proximately caused his or her injuries." Id. (citing Brown v. Edwards Transfer Co., 764 S.W.2d 220, 223 (Tex.1988); Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 989 (1949).) "Under the statutory comparative-negligence scheme, a contributory-negligence finding against the plaintiff no longer automatically bars recovery, but rather reduces the plaintiff's recovery in proportion to his or her negligence." Id. at 350 (citing Act of April 9, 1973, 63rd Leg., R.S., ch. 28, § 1, 1973 Tex. Gen. Laws 41 (repealed 1985) (current version at Tex. Civ. Prac. & Rem.Code § 33.012).)[4]

Plaintiffs' ground for a summary judgment ruling on the issue of contributory negligence is that there is no evidence that the driver of the Ford Focus, Plaintiff Daniel Powell, was speeding or otherwise driving below the standard of care. Plaintiff Powell states in his deposition that he was driving at or slightly below the speed limit. (D.E. 18-3 at 36) (Q: How fast were you going at this point? A: Between 35 and 40.) Plaintiff's father, watching from the backseat, also stated in his deposition that his son was travelling about 30 or 35 miles an hour. (D.E. 19, Ex. 1 at 39, 42-44.) Furthermore, in his testimony Defendant Keeley stated that he has no personal knowledge as to how the Ford Focus was being driven.[5] Based on this evidence,

---

[4] The comparative responsibility statute, Tex. Civ. Prac. & Rem. Code § 33.012, provides, in relevant part, that "[i]f the claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility." § 33.012(a). § 33.001 provides that "[i]n an action to which this chapter applies, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." §33.001.

[5] Plaintiffs point to the following portions of Keeley's deposition:

> Q: Would you show me when's the first time you saw that, that red Ford Focus?
> A: It was right here.
> Q: After the crash?
> A: Yes.
> …
> Q: Since you did not see the Ford Focus, is it fair for me to tell the jury that you don't have any basis to say the Ford Focus was doing anything wrong or improper before the crash?

Plaintiffs claim, Defendant cannot support that Plaintiff Powell's own negligence contributed to his and the other Plaintiffs' injuries.

In his response, Defendant argues that these same facts actually support that Plaintiff was negligent in his driving. According to Defendant, Plaintiff was, by his own admission, travelling approximately 35-40 miles per hour when he witnessed Defendant's vehicle decelerate at the intersection of Broadway and Glass streets. Even though he saw Defendant decelerate, Plaintiff continued travelling at that speed. (D.E. 18, Ex. 2 (Powell Depo.) at 36) (Q: Did you see Mr. Keeley slow down? A: No. I mean, all I could say is I just, he was continually moving. Whether he was slowing down, *it was probably slower than what he had out there*, but it wasn't — the intention was he was still moving.) (emphasis added). Thus, Defendant claims, there remains an issue of fact as to whether Plaintiff, by failing to slow down despite seeing Defendant slow down, exercised the proper standard of care in driving his vehicle prior to the accident.

Having reviewed the arguments and evidence on both sides, the Court agrees that there remain genuine issues of material fact with respect to whether there was contributory negligence. Based on the record, a reasonable juror could, though need not, find Plaintiff failed to use ordinary care in regard to his own and his passengers' safety. Even if Plaintiff was travelling at the speed limit, he still may have acted below the ordinary standard of care in failing to slow down after noting Defendant's approach. See Kroger Co., 23 S.W.3d at 35; Tex. Civ. Prac. & Rem.Code § 33.012; see also Burton v. Billingsly, 129 S.W. 439, 44-442 (Tex. Civ. App. 1093)

---

> A: I don't — I cannot say. I did not see the Ford Focus until after the crash.
> …
> Q: I guess what I'm trying to say is that if you didn't see the Ford Focus, then you didn't see the Ford Focus speeding. True?
> A: I don't know that.
> Q: Right. So you don't have any personal knowledge to question how the Ford Focus was being driven. Is that fair?
> A: That's fair.

(D.E. 17, Ex. 1 (Keeley depo.) at 48, 53, 59, 66, 85.)

(finding motorist making a left-hand turn in center of block in front of defendants' on-coming automobile was guilty of contributory negligence when motorist's testimony showed that he had seen defendants' automobile approaching at high rate of speed, but proceeded to cross street in front of it without observing whether its speed was being reduced.)

Accordingly, Plaintiff's motion for partial summary judgment on the issue of contributory negligence is denied. At trial, Defendant bears the burden to prove that Plaintiff failed to exercise due care in regard to his own and his passengers' safety and that Plaintiffs' damages, if any, should be reduced accordingly. Kroger, 23 S.W.3d at 351; see also Tex. Civ. Prac. & Rem. Code § 33.012

### IV. Conclusion

For the reasons stated above, Defendant's Motion for Partial Summary Judgment on Plaintiff John McGrath's bystander claim and Plaintiffs' negligence per se claim (D.E. 16) is GRANTED. Plaintiffs' Motion for Partial Summary Judgment on Defendant's contributory negligence defense (D.E. 17) is DENIED.

SIGNED and ORDERED this 9th day of June, 2011.

_____
Janis Graham Jack
United States District Judge